UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMNANG TOUCH,<br><br>           Plaintiff,<br><br>    v.<br><br>COX AUTOMOTIVE CORPORATE SERVICES, LLC and COX AUTOMOTIVE MOBILITY SOLUTIONS, INC.,<br><br>           Defendants. | No. 2:23-cv-01848-TLN-KJN<br><br>**ORDER** |

       This matter is before the Court on Defendants Cox Automotive Corporate Services, LLC and Cox Automotive Mobility Solutions, Inc.'s (collectively, "Defendants") *Ex Parte* Application to Remand to State Court. (ECF No. 9.) Plaintiff Samnang Touch ("Plaintiff") filed an opposition. (ECF No. 10.) For the reasons set forth below, the Court GRANTS Defendants' *ex parte* application.

       Plaintiff filed this purported wage and hour class action in state court on May 19, 2023. (ECF No. 1 at 3.) On August 29, 2023, Plaintiff removed the action to this Court under the Class Action Fairness Act ("CAFA"). (*Id.* at 5.) On August 30, 2023, Defendants file the instant *ex parte* application to remand this action to state court. (ECF No. 9.) Defendants argue Plaintiff's removal was improper and done in bad faith. (*Id.*) In opposition, Plaintiff argues there is no

exigency to grant *ex parte* relief and it would be more efficient to keep the action in this Court because Defendants have indicated they will seek removal once the action is consolidated with a related PAGA action in state court. (ECF No. 10.) Plaintiff fails to address Defendants' arguments regarding the impropriety of a plaintiff filing a notice of removal. (*See id.*)

The Court agrees with Defendants. The right to remove a case from state to federal court is vested exclusively with the defendant or defendants. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.") (emphasis added). Put simply, a plaintiff "cannot remove an action to federal court." *Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1017 (9th Cir. 2007).

Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "If the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

For these reasons, the Court GRANTS Defendants' *ex parte* application (ECF No. 9) and REMANDS this action to San Joaquin County Superior Court.

IT IS SO ORDERED.

DATE: August 31, 2023

Troy L. Nunley
United States District Judge